1
2
3
4
5

UNITED STATES DISTRICT COURT

6

EASTERN DISTRICT OF WASHINGTON

7

PAMELA A. BAUGHER,

8

Plaintiff,

9

v.

10

KADLEC HEALTH SYSTEM dba
REGIONAL MEDICAL CENTER,

11
12

Defendant.

NO:  4:14-CV-5118-TOR

ORDER RE: PENDING MOTIONS

BEFORE THE COURT are Plaintiff's Request Defendant be Enjoined (ECF

13

No. 2) and Request for Injunction (ECF No. 4), Plaintiff's Motion for Summary

14

Judgment (ECF No. 6), Defendant's Motion for Costs and to Declare Plaintiff a

15

Vexatious Litigant (ECF No. 10), Plaintiff's Amended Complaint (ECF No. 26),

16

Plaintiff's Urgent Request for Conference (ECF No. 27), Plaintiff's Motion to

17

Declare Washington State Law Defunding Medicaid Unconstitutional (ECF No.

18

28), and Plaintiff's Notice re Class Action and Additional Defendants (ECF No.

19
20

ORDER RE: PENDING MOTIONS ~ 1

29).[1]  These matters were submitted without oral argument.  Plaintiff is proceeding *pro se*.  Defendant is represented by Jerome A. Aiken.  The Court has reviewed the record and the parties' briefing, and is fully informed.

BACKGROUND

On November 26, 2014, Plaintiff filed the complaint in the instant case alleging that Defendant denied her an evaluation for emergency medical services when she tried to obtain treatment for stroke symptoms on October 6, 2013.  ECF No. 1.  Plaintiff contends this denial violated the Emergency Medical Treatment and Active Labor Act (EMTALA), 42 U.S.C. § 1395dd.  Defendant was served with the complaint on November 26, 2014, and filed a notice of appearance on December 8, 2014, but has not, to date, filed an answer or responsive pleading to the complaint.  ECF Nos. 3, 5.

VEXATIOUS LITIGANT

Defendant has requested the Court to declare Plaintiff a vexatious litigant and to enjoin her from filing any pleadings or papers against Defendant without leave of Court.  ECF No. 10.  Defendant has also requested an order from the

---

[1] Plaintiff also filed a Motion to Dismiss on December 19, 2014, but filed a Motion to Withdraw the motion to dismiss on December 22, 2014.  ECF Nos. 17, 18.

ORDER RE: PENDING MOTIONS ~ 2

Court directing Plaintiff to pay costs associated with an earlier case she filed against Defendant involving the same issue as her current claim.  *Id.*

"Federal courts can 'regulate the activities of abusive litigants by imposing carefully tailored restrictions under . . . appropriate circumstances.'" *Ringgold-Lockhart v. Cnty. of Los Angeles*, 761 F.3d 1057, 1061 (9th Cir. 2014) (quoting *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990)).  However, the Ninth Circuit has recently stressed that such restrictions run counter to the fundamental Constitutional right of access to the courts.  *Id.* at 1061–62.  As such, "'pre-filing orders should rarely be filed,' and only if courts comply with certain procedural and substantive requirements."  *Id.* at 1062 (quoting *De Long*, 912 F.2d at 1147).

> When district courts seek to impose pre-filing restrictions, they must: (1) give litigants notice and "an opportunity to oppose the order before it [is] entered"; (2) compile an adequate record for appellate review, including "a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed"; (3) make substantive findings of frivolousness or harassment; and (4) tailor the order narrowly so as "to closely fit the specific vice encountered.

*Id.* (quoting *De Long*, 912 F.2d at 1147).  The first two requirements are procedural.  The other two requirements are substantive and "help the district court define who is, in fact, a 'vexatious litigant' and construct a remedy that will stop the litigant's abusive behavior while not unduly infringing the litigant's right to access the courts."  *Id.*

ORDER RE: PENDING MOTIONS ~ 3

The Court concludes that the procedural requirements are satisfied.  First, Plaintiff has notice of Defendant's motion and has been allowed an opportunity to oppose the order.  Plaintiff has, in fact, filed three oppositions to the motion.  ECF Nos. 14, 15, 25.  Second, the Court is aware of Plaintiff's history of cases and motions, and could provide a list were the Court to grant Defendant's motion.  The Court has confirmed Defendant's assertion that Plaintiff has filed sixteen actions in the Eastern District of Washington since 2002.  ECF No. 10 at 5–6, 11 ¶ 13.  Four of these cases have been filed against Defendant.  Two cases, 12-CV-5129-TOR and 13-CV-5008-TOR, involved claims distinct from the facts involved in the present case.  Both were dismissed without prejudice on Plaintiff's voluntary notice of dismissal.[2]  Plaintiff has also previously filed an action, 14-CV-5107-TOR, involving the same claim as the current action.  In that case, Plaintiff filed a notice of voluntary dismissal eleven days after filing her complaint and a day before Defendant filed a notice of appearance.  The Court dismissed the case on Plaintiff's notice.

While the procedural requirements in this case can be met, the substantive requirements cannot.  "[B]efore a district court issues a pre-filing injunction . . . it

---

[2] In 12-CV-5129-TOR, the Court construed Plaintiff's response to a motion to dismiss as a notice of voluntary dismissal.  12-CV-5129-TOR, ECF No. 10.

is incumbent on the court to make 'substantive findings as to the frivolous or harassing nature of the litigant's actions.'" *Ringgold-Lockhart*, 761 F.3d at 1064. A litigant can be found vexatious based upon showing either (1) numerous, patently frivolous complaints or (2) that the litigant intends to harass the defendant or the court. *Id.* Defendant has not established either ground to declare Plaintiff vexatious.

Plaintiff has filed numerous complaints in the Eastern District of Washington. However, "[l]itigiousness alone is not enough" to demonstrate a litigant is vexatious. *Id.* Rather, the complaints must have been "patently without merit." *Id.* Defendant has not provided the Court with a review of the merits of the prior actions filed by Plaintiff in order to establish that they were frivolous. Regardless, such a review is unnecessary to the Court's present decision as the Court is personally aware of three of Plaintiff's cases. Specifically, the court is aware of the facts associated with this case and with Plaintiff's previous action raising the same claims. Plaintiff has alleged that she was denied an appropriate medical screening evaluation when she arrived at Defendant's emergency room on October 6, 2014, in violation of the EMTALA, 42 U.S.C. § 1395dd.[3] Accepting

---

[3] In Plaintiff's Amended Complaint she includes an additional claim alleging she was also denied an evaluation on June 10, 2013. ECF No. 26.

ORDER RE: PENDING MOTIONS ~ 5

1  the facts as stated in Plaintiff's complaint, the Court concludes her claims are not

2  patently without merit.  *See Eberhardt v. City of Los Angeles*, 62 F.3d 1253, 1255–

3  56 (9th Cir. 1995).  Defendant has not established that Plaintiff has filed numerous

4  frivolous complaints.

5       Plaintiff has also failed to establish, as an alternative ground, that Plaintiff's

6  filings "show a pattern of harassment."  *Ringgold-Lockhart*, 761 F.3d at 1064.  The

7  Ninth Circuit has cautioned that courts "must 'be careful not to conclude that

8  particular types of actions filed repetitiously are harassing,' and must '[i]nstead . . .

9  'discern whether the filing of several similar types of actions constitutes an intent

10  to harass the defendant or the court.'"  *Id.*  Defendant has provided the Court with

11  copies of the many emails Plaintiff has sent to Defendant.  ECF No. 11.  Nothing

12  in the emails or in Plaintiff's filings indicates that she intends to harass Defendant.

13  Quite the opposite, they indicate that Plaintiff has decided to file this lawsuit,

14  against her better wishes, because she feels compelled to speak out against what

15  she perceives as Defendant's wrongful practice which infringes on the rights of

16  patients seeking treatment and threatens their access to health care.  Defendant has

17  not shown from Plaintiff's filings or otherwise that she intends to harass Defendant

18  or the Court.

19       Defendant's chief complaint is that Plaintiff has initiated numerous

20  communications with Defendant's agents and counsel via phone and email.  The

ORDER RE: PENDING MOTIONS ~ 6

1   Court understands Defendant's concern.  Plaintiff has also acknowledged

2   Defendant's concern and has stated she will refrain from excessive phone calls and

3   email.  ECF No. 14 at 2.  Defendant has also complained of the number and

4   content of Plaintiff's filings in this case.  The Court does not disagree that Plaintiff

5   has filed more motions than is strictly necessary to prosecute her case.  However,

6   Plaintiff is proceeding *pro se*, and is not expected to understand litigation strategy

7   as would trained legal counsel.  *See Ringgold-Lockhart*, 761 F.3d at 1063 (finding

8   helpful in determining a vexatious litigant "whether the litigant is represented by

9   counsel").  Plaintiff's motions practice is no more burdensome than that of most

10  *pro se* litigants who appear before the Court.

11          Even if the Court concluded that Plaintiff is a vexatious litigant, the Court

12  may only impose an order "narrowly tailored to the vexatious litigant's wrongful

13  behavior."  *Ringgold-Lockhart*, 761 F.3d at 1066.  Defendant has not established

14  that a broad pre-filing order preventing Plaintiff from filing any motions or papers

15  against Defendant is the most narrowly tailored remedy to address the concerns

16  discussed above.  Plaintiff has promised to refrain from excessively contacting

17  Defendant or counsel.  Plaintiff is also hereby cautioned against filing excessive

18  pleadings in this matter and is encouraged to stay focused on the claims directly

19  before the Court.  The Court determines that it is not necessary, at this time, to

20  address Plaintiff's behavior through an order of the Court.  However, should

ORDER RE: PENDING MOTIONS ~ 7

1    Plaintiff continue a pattern of excessive motion practice to the point where it is

2    unduly burdensome on Defendant, Defendant may raise the issue again and seek an

3    appropriate, narrowly-tailored remedy.  *See Ringgold-Lockhart*, 761 F.3d at 1066–

4    67 (discussing the appropriate scope of pre-filing orders and alternative remedies).

5    Defendant's motion is denied with leave to renew as may be appropriate.[4]

6                                    INJUNCTION

7         Plaintiff has filed two separate motions requesting injunctive relief.  ECF

8    Nos. 2, 4.  The Court also construes Plaintiff's Urgent Request for Conference as a

9    supplemental filing in support of her motions for injunctive relief.  ECF No. 27.

10   The Court construes Plaintiff's filings to request that the Court issue an order (1)

11

12   [4] The Court also denies Defendant's request to impose costs upon Plaintiff arising

13   from her previously filed case, 14-CV-5107-TOR.  In that case, Plaintiff had filed

14   a notice of voluntary dismissal before Defendant had even filed a notice of

15   appearance.  Defendant had filed no other papers by the time the Court dismissed

16   the case.  The imposition of costs is not warranted.  First, Defendant has not shown

17   that Plaintiff is vexatious.  Second, Defendant has not shown that it incurred any

18   costs by merely filing a notice of appearance, or that any completed preparatory

19   work for 14-CV-5107-TOR would not be transferrable to the current case which

20   involves the same facts and claims.

ORDER RE: PENDING MOTIONS ~ 8

1 restricting Defendant from sharing or disclosing information in Plaintiff's private

2 medical records and (2) directing Defendant to correct erroneous information in an

3 "Edie Alert" that is attached to Plaintiff's medical records.  Defendant contends

4 that a preliminary injunction is inappropriate because Plaintiff's EMTALA claim

5 does not relate to the inclusion of incorrect or false information in a patient's

6 medical record or the disclosure of health care information.  ECF No. 19, 20.

7 Defendant also contends that Plaintiff has not shown the necessary elements for a

8 preliminary injunction.  *Id.*

9        As an initial matter, the Court does not accept Defendant's argument that

10 Plaintiff's requested injunctions are unrelated to her EMTALA claim.  Plaintiff

11 alleges she was denied an emergency medical evaluation, in part, because the Edie

12 Alert implies she "exhibits bizarre behavior" due to psychological problems.  For

13 example, in Plaintiff's latest filing, she alleges that the Edie Alert has been

14 disseminated to other health care facilities and has caused problems for her in

15 seeking emergency treatment at those facilities.  ECF No. 27.  The information in

16 the Edie Alert and its dissemination is related to Plaintiff's EMTALA claim as a

17 potential reason why Plaintiff was denied an emergency evaluation.  As a potential

18 cause of the violation, Plaintiff may seek an injunction to have the information on

19 the alert corrected and its dissemination enjoined, provided she can satisfy the

20 elements of a preliminary injunction.

ORDER RE: PENDING MOTIONS ~ 9

To obtain injunctive relief, Plaintiff must demonstrate (1) a likelihood of success on the merits, (2) a likelihood of irreparable injury if the injunction does not issue, (3) that a balancing of the hardships weighs in her favor; and (4) that a preliminary injunction will advance the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted). Plaintiff must satisfy each element. In evaluating the elements of a preliminary injunction, "a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011); *Farris v. Seabrook*, 677 F.3d 858, 864 (9th Cir. 2012) ("We have also articulated an alternate formulation of the *Winter* test, under which serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." (internal quotation marks omitted)).

Plaintiff's briefing does not satisfy the elements required. Plaintiff has not established that she is likely to succeed on the merits. Plaintiff has identified a cognizable legal theory under which she may proceed. However, too many factual questions remain open which are necessary to establish that Plaintiff is likely to succeed on the merits of her theory. The factual record must be further developed for Plaintiff to make the required showing on this element.

ORDER RE: PENDING MOTIONS ~ 10

1    Plaintiff must also "demonstrate that irreparable injury is *likely* in the

2    absence of an injunction." *Winters*, 555 U.S. at 22 (emphasis in original).

3    "Issuing a preliminary injunction based only on a possibility of irreparable harm is

4    inconsistent with [the Supreme Court's] characterization of injunctive relief as an

5    extraordinary remedy that may only be awarded upon a clear showing that the

6    plaintiff is entitled to such relief." *Id.* Plaintiff has not established a causal

7    connection between the Edie Alert and her potential harm. By its text, the Edie

8    Alert informs the emergency department that controlled substances should not be

9    administered or prescribed to Plaintiff for subjective pain, and it notes her alleged

10   bizarre behavior. *E.g.*, ECF No. 2 at 2. The Edie Alert does not state that

11   Defendant's emergency department should not evaluate Plaintiff.

12   Plaintiff does not allege that when she was denied an evaluation on October

13   6, 2013, anyone mentioned the Edie Alert or cited it as a reason not to treat her. In

14   fact, Plaintiff's allegations indicate she was denied an evaluation because she came

15   in the wrong door and refused to sign in. ECF No. 1 at 2. Nor does Plaintiff allege

16   that she was recently denied an evaluation at the Lourdes emergency room because

17   of the Edie Alert—she only alleges that because of the notice she was closely

18   watched by security. ECF No. 27 at 2. In short, there is nothing to indicate that

19   the absence of an injunction correcting information on the Edie Alert or preventing

20   it from being disseminating is likely to cause Plaintiff to be denied an emergency

ORDER RE: PENDING MOTIONS ~ 11

medical evaluation.  Again, a more complete record would be required to establish this element.

"In each case, courts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winters*, 555 U.S. at 24.  Plaintiff claims her injury would be denial of necessary medical evaluations.  Defendant has not briefed the issue for the Court.  However, the Court finds that the effect on Defendant of preventing the dissemination of the Edie Alert would be to limit Defendant's notice that a patient may have potential erratic behavior—an important factor in determining a course of treatment.  Because Plaintiff has not yet established that the Edie Alert is likely to actually prevent her from obtaining a medical evaluation, the balance tips, for the time being, in favor of maintaining the status quo.

"In exercising their sound discretion, courts of equity should pay particular regard to the public consequences in employing the extraordinary remedy of injunction." *Winters*, 555 U.S. at 24 (quoting *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982)).  "The public interest inquiry primarily addresses impact on non-parties rather than parties." *League of Wilderness Defenders/Blue Mountains Biodiversity Project v. Connaughton*, 752 F.3d 755, 766 (9th Cir. 2014) (citation omitted).  There would be no impact on the public in this case as the injunction

ORDER RE: PENDING MOTIONS ~ 12

would relate solely to Plaintiff's medical records and how they were used and maintained by Defendant.

Too many questions of fact remain at this stage of the proceedings to establish the elements necessary for a preliminary injunction. The Court takes Plaintiff's allegations very seriously, but Plaintiff must make an adequate factual showing to justify an extraordinary remedy such as an injunction. Plaintiff's motions for injunction are denied with leave to renew should a more fully developed record establish the need for injunctive relief.

SUMMARY JUDGMENT

Summary judgment may be granted to a moving party who demonstrates "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). For purposes of summary judgment, a fact is "material" if it might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute concerning any such fact is "genuine" only where the evidence is such that a reasonable jury could find in favor of the non-moving party. *Id.* In ruling upon a summary judgment motion, a court must construe the facts, as well as all rational inferences therefrom, in the light most favorable to the non-moving

ORDER RE: PENDING MOTIONS ~ 13

party.  *Scott v. Harris*, 550 U.S. 372, 378 (2007).  Only evidence which would be admissible at trial may be considered.  *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002).

Defendants have not filed an answer to Plaintiff's complaint.  At this point in the proceeding, the Court cannot determine which facts are disputed or undisputed.  Plaintiff's motion is premature given the current procedural posture of this case.  The motion is denied with leave to renew at the appropriate time.

MOTION TO DECLARE STATE LAW UNCONSTITUTIONAL

Plaintiff has requested the Court to declare Washington State law defunding Medicaid unconstitutional.  ECF No. 28.  Plaintiff filed a complaint alleging that Defendant has violated EMTALA.  Plaintiff did not file suit challenging the constitutionality of Washington State legislation defunding Medicaid.  That issue is not relevant to the discrete legal claim currently before the Court.  Plaintiff is directed to remain focused on the particular legal questions raised in her lawsuit. To challenge the Washington State law, Plaintiff would need to file a separate lawsuit against the proper parties.  Plaintiff's motion is denied.

AMENDED COMPLAINT

Plaintiff filed her initial complaint on November 26, 2014.  ECF No. 1. Plaintiff filed an amended complaint on December 31, 2014, which includes allegations that Defendant (1) denied Plaintiff medical evaluations on both October

ORDER RE: PENDING MOTIONS ~ 14

6, 2013, and June 10, 2103; and (2) unlawfully shared the information in the Edie

Alert. ECF No. 26. A party may freely amend a pleading within twenty-one days

of serving it, or if a pleading requires a response within twenty-one days of service

of the response, or within twenty-one days of service of a Rule 12(b), (e), or (f)

motion. Fed. R. Civ. P. 15(a)(1). Defendants have not yet filed an answer to

Plaintiff's complaint or a Rule 12 motion. Accordingly, the time within which

Plaintiff may freely amend her complaint has not yet expired. Plaintiff's amended

complaint shall be filed as the operable complaint in this case.

## CLASS ACTION AND ADDITIONAL DEFENDANTS

Plaintiff has filed a notice raising the issues of class action and adding other

defendants. ECF No. 29. Plaintiff wishes to include as defendants in this action

"insurers such as Medicaid and the State of Washington" and the "Alliance for

Consistent Care" program. *Id.* The Court construes this notice as a motion for

joinder under the Federal Rules of Civil Procedure. A plaintiff may join any

persons in one action as defendants if:

> (A) any right to relief is asserted against them jointly, severally, or in
> the alternative with respect to or arising out of the same transaction,
> occurrence, or series of transactions or occurrences; and

> (B) any question of law or fact common to all defendants will arise in
> the action.

ORDER RE: PENDING MOTIONS ~ 15

Fed. R. Civ. P. 20(a)(2).  The Court may issue orders to protect a party against whom there exists no valid claim.  Fed. R. Civ. P. 20(b).  Plaintiff has not identified that she has a claim against Medicaid, the State of Washington, or the Alliance for Consistent Care arising from the same transaction or occurrence at issue in this case.  Plaintiff's claims involve two instances in which she was denied emergency medical evaluations by Defendant as well as Defendant's use of the Edie Alert.  Plaintiff has not identified how these occurrences create a right of relief against the parties she wishes to join as defendants.  She has also not identified a common question of law or fact between her current claims against Defendant and any potential claims against the proposed defendants.  Defendant's motion to join Medicaid, the State of Washington, and the Alliance for Consistent Care as defendants is denied.

Plaintiff has also raised the issue of class action.  The Court construes Plaintiff's notice as a motion to certify the "mentally disabled" as a class under Federal Rule of Civil Procedure 23.  Under Rule 23, a class may sue only if:

(1) the class is so numerous that joinder of all members is impracticable;
(2) there are questions of law or fact common to the class;
(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
(4) the representative parties will fairly and adequately protect the interests of the class.

ORDER RE: PENDING MOTIONS ~ 16

Fed. R. Civ. P. 23(a).  Plaintiff has provided no showing to satisfy these prerequisites.  Plaintiff's motion is denied.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion that Defendant be Enjoined (ECF No. 2) is **DENIED**.

2. Plaintiff's Motion for Preliminary Injunction (ECF No. 4) is **DENIED**.

3. Plaintiff's Motion for Summary Judgment (ECF No. 6) is **DENIED**.

4. Defendant's Motion for Costs and Vexatious Litigant (ECF No. 10) is **DENIED.**

5. Plaintiff's Motion to Dismiss (ECF No. 17) is **DENIED**.

6. Plaintiff's Motion to Withdraw her Motion to Dismiss (ECF No. 18) is **GRANTED**.

7. Plaintiff's Motion of Urgent Request for Conference with Judge (ECF No. 27) is **DENIED**.

8. Plaintiff's Motion to Declare Washington State Law Defunding Medicaid Unconstitutional (ECF No. 28) is **DENIED**.

9. Plaintiff's Notice re Class Action and Additional Defendants (ECF No. 29) is **DENIED**.

10. Defendant shall file a response to Plaintiff's Amended Complaint according to the Rules of Civil Procedure.

ORDER RE: PENDING MOTIONS ~ 17

1    The District Court Executive is hereby directed to enter this Order and furnish

2    copies to Plaintiff and Defendant's counsel.

3        **DATED** January 15, 2015.



4

5                                THOMAS O. RICE
                            United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

ORDER RE: PENDING MOTIONS ~ 18