UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PAMELA A. BAUGHER<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>KADLEC HEALTH SYSTEM dba REGIONAL MEDICAL CENTER, and ALLIANCE FOR CONSISTENT CARE PROGRAM,<br><br>　　　　　　　Defendants. | NO: 4:14-CV-5118-TOR<br><br>ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION; GRANTING PLAINTIFF'S VOLUNTARY MOTION TO DISMISS |

BEFORE THE COURT are Defendant Kadlec Health System's Motion for Reconsideration (ECF No. 82) and Plaintiff's Notice to Court Re Settlement Agreement & Request Court Dismiss Case (ECF No. 93). These matters were submitted for consideration without oral argument. Defendant Kadlec Health System ("Kadlec") is represented by Jerome R. Aiken. Plaintiff is proceeding *pro se*. The Court has reviewed the briefings and the record and files herein, and is fully informed.

///

# DISCUSSION

## I. Dismissal of Alliance for Consistent Care Program

As a preliminary matter, the Court dismisses Defendant Alliance for Consistent Care Program ("Alliance") from this action.

Federal Rule of Civil Procedure 4(m) provides that a complaint must be served upon a defendant within 120 days of filing. Rule 4(m) also governs the procedure that a district court must follow in the event that service is not completed within 120 days:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

On May 27, 2015, Plaintiff filed a complaint in a companion case alleging claims against Alliance.[1]  4:15-CV-5043-TOR, ECF No. 1. On September 16, 2015, Plaintiff filed executed Proof of Service upon Alliance. ECF No. 75. However, this Court found Plaintiff did not serve Alliance in accordance with Rule

---

[1] The Court consolidated the companion case with this action. ECF No. 68; 4:15-CV-5043-TOR, ECF No. 12.

4(h).² The 120 day deadline for service required by Rule 4(m) has now lapsed. On October 29, 2015, during a telephonic status conference call, *see* ECF No. 87, Plaintiff informed the Court she would no longer seek to properly serve Alliance. Thus, this action against Alliance is dismissed without prejudice. *See* Fed. R. Civ. P. 4(m).

**II.   Defendant's Motion for Reconsideration**

Kadlec moves the Court to reconsider the order denying Kadlec's motion for summary judgment and granting in part Plaintiff's motion for summary judgment (ECF No. 71). *See* ECF No. 82 at 1-2; 15. Alternatively, Kadlec moves the Court to reconsider the order vacating Kadlec's dismissal from this action (ECF No. 81). *See id.* at 2; 15.

A motion for reconsideration of a judgment may be reviewed under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Rule 60(b) (relief from judgment). *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial

---

² In its October 23, 2015 order, the Court explained, in detail, that Plaintiff's executed proof of service (ECF No. 75) upon Alliance was not sufficient proof of proper service pursuant to Rule 4(h). *See* ECF No. 81 at 3 n.1.

ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION; GRANTING PLAINTIFF'S VOLUNTARY MOTION TO DISMISS ~ 3

decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Id.* at 1263; *United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009). "There may also be other, highly unusual, circumstances warranting reconsideration." *School Dist. No. 1J*, 5 F.3d at 1263.

Whether to grant a motion for reconsideration is within the sound discretion of the court. *Navajo Nation v. Confederated Tribes and Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003). A district court does not abuse its discretion when it disregards legal arguments made for the first time on a motion to alter or amend a judgment. *United Nat. Ins. Co.*, 555 F.3d at 780 (quotation marks and citations omitted); *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) ("A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."). Evidence available to a party before it files its opposition is not "newly discovered evidence" warranting reconsideration of summary judgment. See *Frederick S. Wyle Prof'l Corp. v. Texaco, Inc.*, 764 F.2d 604, 609 (9th Cir. 1985).

Reconsideration is properly denied when the movant "present[s] no arguments . . . that had not already been raised" previously. *Taylor v. Knapp*, 871 F.2d 803, 805 (9th Cir. 1989); *see also City of Fresno v. United States*, 709 F.Supp.2d 888, 916 (E.D. Cal. 2010) ("A party seeking reconsideration must show

ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION; GRANTING PLAINTIFF'S VOLUNTARY MOTION TO DISMISS ~ 4

more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.").

On the other hand, Federal Rule of Civil Procedure 54(b) governs reconsideration of a non-final order. An order that resolves fewer than all the claims among the parties—that is, a non-final order—"may be revised at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); *Credit Suisse First Boston Corp. v. Grunwald*, 400 F.3d 1119, 1124 (9th Cir. 2005). Where reconsideration of a non-final order is sought, the court has "inherent jurisdiction to modify, alter, or revoke" its order. *United States v. Martin*, 226 F.3d 1042, 1049 (9th Cir. 2000).

As a rule, a court should be loathe to revisit its own decisions in the absence of extraordinary circumstances such as where the initial decision was "clearly erroneous and would work a manifest injustice." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988). This principle is embodied in the law of the case doctrine, under which "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997) (quoting *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993)). While the district court possesses inherent power to reconsider and amend previous

ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION; GRANTING PLAINTIFF'S VOLUNTARY MOTION TO DISMISS ~ 5

interlocutory orders, *Martin*, supra, like other motions to reconsider, this is an extraordinary remedy that should be used sparingly in the interests of finality and conservation of judicial resources. Indeed, courts frequently apply the same standard as that applicable to Rule 59(e) motions. See *eTool Dev., Inc. v. Nat'l Semiconductor Corp.*, 881 F.Supp.2d 745, 748 (E.D. Tex. 2012) (collecting cases).

Moreover, as this Court cautioned in its March 12, 2015 Scheduling Order, "Motions to Reconsider are disfavored" and "must show manifest error in the prior ruling or reveal new facts or legal authority which could not have been brought to the Court's attention earlier." ECF No. 42 at 7.

The Court finds reconsideration is not warranted. Kadlec fails to show more than disagreement with the Court's decision, and essentially rehashes the cases and arguments already considered by the Court. While Kadlec now raises the argument that Plaintiff was a trespasser, *see* ECF No. 82 at 6-7, this argument was available to Kadlec earlier and does not now support reconsideration. Although Kadlec believes this Court's rulings are "erroneous both legally and factually," id. at 15, it has failed to show manifest error, present new facts or law that could not have been brought to this Court's attention earlier, or otherwise demonstrate any reason that justifies reconsideration. Accordingly, Kadlec's motion for reconsideration is denied; this Court's previous orders stand.

///

### III. Plaintiff's Motion to Voluntarily Dismiss

On November 5, 2015, Plaintiff filed a Notice to Court Re Settlement Agreement and Request Court Dismiss Case. ECF No. 93. Plaintiff "requests [the] Court dismiss the entire case," and says she accepts "Kadlec's monetary payment already made to [her] of $13,775 as being 'good enough' for full resolution/settlement [of] the case." *Id.* at 1-2.

The Court construes this filing as a request by Plaintiff to voluntarily dismiss this case with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). *See Hargis v. Foster*, 312 F.3d 404, 412 (9th Cir. 2002) (explaining Rule 41(a)(2) provides the court with a broad grant of discretion to dismiss an action with or without prejudice); *see also Sams v. Beech Aircraft Corp.*, 625 F.2d 273, 277 (9th Cir. 1980) (stating the decision to grant or deny a request pursuant to Rule 41(a)(2) is reviewed for abuse of discretion). "In ruling on a motion for voluntary dismissal, the District Court must consider whether the defendant will suffer some plain legal prejudice as a result of the dismissal." *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982) (citations omitted). Legal prejudice means "prejudice to some legal interest, some legal claim, some legal argument." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996).

The Court finds Kadlec will suffer no legal prejudice. Kadlec filed no counterclaims which dismissal would impact. *See* ECF No. 31; Fed. R. Civ. P.

ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION; GRANTING PLAINTIFF'S VOLUNTARY MOTION TO DISMISS ~ 7

41(a)(2). Moreover, dismissal is the very relief Kadlec sought in its motion for reconsideration. *See* ECF No. 82 at 15 ("The Court should reconsider its decision vacating that dismissal of this action and enforce the settlement agreement once again dismissing and closing this case."). Accordingly, Plaintiff's voluntary motion to dismiss is granted.

**ACCORDINGLY, IT IS ORDERED:**

1. All claims against Defendant Alliance for Consistent Care Program are **DISMISSED WITHOUT PREJUDICE**.

2. Defendant Kadlec Health System's Motion for Reconsideration (ECF No. 82) is **DENIED.**

3. Plaintiff's Notice to Court Re Settlement Agreement and Request Court Dismiss Case (ECF No. 93) is **GRANTED**.

4. Plaintiff's claims against Defendant Kadlec Health System are **DISMISSED WITH PREJUDICE**, with each side to bear its own fees and costs.

The District Court Executive is hereby directed to enter this Order, and a Judgment, provide copies to counsel and plaintiff, and **CLOSE** this case.

**DATED** November 6, 2015.



THOMAS O. RICE
United States District Judge